**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| VIKING TECHNOLOGIES, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 20-1509-CFC-JLH ) |
| SQUARETRADE INC. and SQUARETRADEGO, INC., | ) ) ) |
| Defendants. | ) ) |

## REPORT AND RECOMMENDATION ON CLAIM CONSTRUCTION

Plaintiff Viking Technologies, LLC, filed this patent infringement suit against Defendants SquareTrade Inc. and SquareTradeGo, Inc., alleging infringement of U.S. Patent Nos. 8,888,953 ("'953 patent") and 10,220,537 ("'537 patent"). The parties dispute the proper construction of the claim term "electronic display portion."[1]

The '953 and '537 patents disclose methods of removing damaged glass covers from mobile phone displays so that replacement glass can be attached. The disputed claim term is found in every claim in both patents.[2] Plaintiff argues that no construction is needed. Defendants argue

---

[1] The parties' joint claim construction chart identified four claim construction disputes (D.I. 68, Ex. 1), but the joint claim construction brief only raised one dispute. (D.I. 79.)

[2] For example, claim 1 of the '537 patent provides:
   1. A method of removing a protective glass top surface from a display unit having a glass top, an **electronic display portion**, and an intermediate layer therebetween, the method comprising the steps of, the display unit defining an axis extending along said intermediate layer:
   fixing the display unit in a carriage with the intermediate layer being exposed on all sides;
   aligning a cutting device in a coplanar relationship with the intermediate layer;
   biasing the cutting device in the intermediate layer adjacent the **electronic display portion** and away from the glass,
   driving the cutting device into the intermediate layer while moving the cutting device and display unit relative to each other along a diagonal direction relative to said display unit axis;

that the term should be construed as "electronic display layer, which does not include a polarizer." In short, the dispute is about whether the claimed electronic display portion (or layer) can include a polarizer.

The claims say nothing about whether the electronic display portion can include a polarizer. Nor does the patents' common specification. Neither side has pointed to any relevant portions of the prosecution histories.

Defendants argue that the specification "make[s] clear" that the electronic display layer cannot contain a polarizer. (D.I. 79 at 12, 14, 16.) Their argument essentially goes like this: the specification says that the intermediate layer may include a polarizer (*see*, *e.g.*, '953 patent, Abstract, 1:36–39, 5:42–47, 6:17–22); thus, the electronic display layer cannot include a polarizer. That is flawed logic. I reject it.

Defendants have provided no other reason to include in the Court's construction a requirement that the electronic display portion cannot contain a polarizer. Accordingly, I reject Defendants' proposed construction.

The claim construction hearing scheduled for July 11, 2022 is CANCELLED. The parties shall meet and confer and file, within fourteen days, a proposed Order for Judge Connolly's

---

        advancing the cutting device into the intermediate layer to separate the glass top from the **electronic display portion**.

Claim 1 of the '953 patent provides:
    1. A method of removing a protective glass top surface from a display unit having a glass top, an **electronic display portion**, and a planar intermediate layer therebetween, the method comprising the steps of:
fixing the display unit in a carriage with the intermediate layer being exposed on all sides;
aligning a cutting device in a coplanar relationship with the intermediate layer;
biasing the cutting device in the intermediate layer adjacent the **electronic display portion** and away from the glass;
driving the cutting device into the intermediate layer while moving the cutting device and display unit relative to each other along an axis generally orthogonal to the cutting device; and
advancing the cutting device into the intermediate layer to separate the glass top from the **electronic display portion**.

2

signature that sets forth (1) the parties' agreed-upon constructions and (2) a construction of "electronic display portion" consistent with this Report and Recommendation (*i.e.*, the proposed Order should make clear that the claimed "electronic display portion" may include a polarizer).

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), (C), Federal Rule of Civil Procedure 72(b)(1), and District of Delaware Local Rule 72.1. Any objections to the Report and Recommendation shall be filed within fourteen days and limited to ten pages. Any response shall be filed within fourteen days thereafter and limited to ten pages. The failure of a party to object to legal conclusions may result in the loss of the right to *de novo* review in the district court.

The parties are directed to the Court's "Standing Order for Objections Filed Under Fed. R. Civ. P. 72," dated October 9, 2013, a copy of which can be found on the Court's website.

Dated:   July 8, 2022

                                                    Jennifer L. Hall
                                                    UNITED STATES MAGISTRATE JUDGE